# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMP'D MOBILE, INC., | ) | Case No. 07-10739 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| AMP'D MOBILE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| ZUFFA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550

Amp'd Mobile, Inc. (the "Debtor"), by counsel, for its Complaint to Avoid and Recover Pre-Petition Transfers pursuant to 11 U.S.C. §§ 547, 548 and 550, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES AND BACKGROUND

4. The Debtor, Amp'd Mobile, Inc., is a Delaware corporation. It previously maintained its principal place of business at 1925 South Bundy Drive, Los Angeles, California 90025.

5. Zuffa, LLC (the "Transferee") is an entity that was transacting business with the Debtor prior to the commencement of the Case.

6. On June 1, 2007 (the "Petition Date"), the Debtor commenced its reorganization case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is continuing in possession of its assets and the operation of its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## COUNT I
### (Avoidance of a Transfer of Property Pursuant to § 547(b))

7. The allegations set forth in paragraphs 1 through 6 above are incorporated herein by reference.

8. The Debtor caused the transfer of the amounts shown on Exhibit A hereto (the "Transfer") from a bank account owned by the Debtor to the Transferee. Accordingly, the Transfer was a transfer of an interest of the Debtor in property.

9. The Transfer was made to or for the benefit of the Transferee, who was a creditor of the Debtor, for an amount not less than the amount of the Transfer at the time of the Transfer. The Transferee's claim against the Debtor for which the Transfer was made was an antecedent debt.

2

10. The Transfer was made at a time that the Debtor's debts exceeded the value of all of its property. Accordingly, the Transfer was made while the Debtor was insolvent, as that term is defined by 11 U.S.C. § 101(32).

11. The Transfer was made on or within ninety (90) days before the Petition Date.

12. The Transfer enabled the Transferee to receive more than it would receive if (a) the case was a case under Chapter 7, (b) the Transfer had not been made, and (c) the Transferee received payment of its debt to the extent provided by the Bankruptcy Code.

13. The Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of a Transfer of Property Pursuant to § 548(a)(1)(B))

14. The allegations set forth in paragraphs 1 through 13 above are incorporated herein by reference.

15. To the extent that the Transferee alleges that it was not a creditor of the Debtor or that the Transfer was not made on account of an antecedent debt, the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

16. The Transfer was made on or within ninety (90) days before the Petition Date.

17. The Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfer Pursuant to § 550(a))

18. The allegations set forth in paragraphs 1 through 17 above are incorporated herein by reference.

19. The Transferee is the initial transferee of the Transfer.

20. Upon the avoidance of the Transfer, the Debtor may recover the Transfer, or the value thereof, from the Transferee, pursuant to 11 U.S.C. § 550(a).

## COUNT IV
### (Disallowance of Claim(s) Pursuant to § 502(d))

21. The allegations set forth in paragraphs 1 through 20 above are incorporated herein by reference.

22. The Transfer is avoidable pursuant to 11 U.S.C. § 547(b) and/or § 548; and property is recoverable from the Transferee pursuant to 11 U.S.C. § 550.

23. To the extent that the Transferee holds a claim against the Debtor or its bankruptcy estate, the Court should disallow such claim(s), pursuant to 11 U.S.C. § 502(d), because the Transferee has failed to pay to the estate (or otherwise return to the Debtor or the estate) the amount of the Transfer.

## COUNT V
### (Prejudgment Interest)

24. The allegations set forth in paragraphs 1 through 23 above are incorporated herein by reference.

25. The Debtor, by counsel, made written demand upon the Transferee for the return of the Transfer on October 18, 2007, but the Transferee has failed or refused to return the Transfer.

26. The Debtor was unnecessarily delayed in its recovery of the Transfer by the Transferee's failure to respond to the Debtor's demand for return of the Transfer.

27. The Debtor is entitled to a grant of pre-judgment interest on the value of the Transfer from the date of the Debtor's demand letter until the entry of judgment in this proceeding to compensate the estate for the delay arising from the Transferee's refusal to return the Transfer.

## RESERVATION OF RIGHTS

28. The Debtor hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Transferee including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Debtor reveals such further causes of action.

**WHEREFORE**, the Debtor, by counsel, respectfully prays for a judgment against Transferee that includes:

(1) Avoidance and recovery of the Transfer, pursuant to 11 U.S.C. §§ 547(b) and 550(a);

(2) Avoidance and recovery of the Transfer, pursuant to 11 U.S.C. §§ 548(a) and 550(a);

(3) Disallowance of any claims of the Transferee, and avoidance and recovery of the Transfer, pursuant to 11 U.S.C. § 502(d);

(4) An award of prejudgment interest at the maximum legal rate from the date of the Debtor's demand until entry of the judgment;

(5) An award of costs and disbursements incurred by the Debtor in this action; and

(6) An award of such other relief as may be just and proper.

Dated: January 29, 2008
Wilmington, Delaware

Respectfully submitted,

/s/ S.M.Y.
_____
Steven M. Yoder (No. 3885)
Jaime Luton White (No. 4936)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 7th Floor
Wilmington, DE 19899
Telephone (302) 984-6000
Fax (302) 984-6133
syoder@potteranderson.com
jwhite@potteranderson.com

*Counsel for the Debtor and Debtor in Possession*

-and-

Bruce H. Matson (Va. Bar No. 22874)
LeCLAIRRYAN, A Professional Corporation
951 East Byrd Street
Riverfront Towers
Richmond, VA 23219
Tel: (804) 783-2003
Fax: (804) 783-2294

*Special Litigation Counsel to Debtor
and Debtor in Possession*